UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PEAK PERFORMANCE SOLUTIONS, INC.                    CIVIL ACTION

VERSUS                                              NO. 05-1909

LOUISIANA MEDICAL MUTUAL                            SECTION "N" (2)
INSURANCE COMPANY, ET AL

ORDER AND REASONS

Before the Court is the "Motion for Summary Judgment As To Louisiana Medical Mutual Insurance Company's Failure to Pay for Services Rendered" (Rec. Doc. No. 42) filed by Plaintiff, Peak Performance Solutions, Inc. ("Peak") in the above-captioned matter.  The motion is opposed.  Upon reviewing the submissions of the parties and the pertinent law, the Court finds that genuine issues of material fact exist that preclude summary judgment on the claims referenced in Plaintiff's motion.  Accordingly, for all of the reasons stated herein, Plaintiff's Motion for Summary Judgment is **DENIED**.

## I.  BACKGROUND

This action arises out of Defendant Louisiana Medical Mutual Insurance Company's ("LAMMICO") termination of its computer software service agreement with Peak and its entry into such an agreement with Defendants Six Peak Software, L.L.C. ("Six Peak") and  Matthew Sedlack, a former employee of Peak's predecessor company.  Among the many claims asserted against Defendants, Peak contends that LAMMICO has failed to pay for programming services rendered by Peak in the past.  Peak seeks summary judgment as to this claim.  In the motion before the Court,

Peak asserts that LAMMICO has inexplicably failed to pay amounts due on specific invoices, which total $39,031.29.  Plaintiff has attached the invoices, as well as correspondence and documents that Peak claims demonstrate the inexcusableness of LAMMICO's failure to pay said amount, as exhibits to its motion.

## II.  LAW AND ANALYSIS

### A.  Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See* FED. R. CIV. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Id.*

Initially, the movant bears the burden of demonstrating the absence of material fact issues.  *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993).  The movant is not required, however, to negate the elements of the nonmovant's case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 323).  If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *Celotex*, 477 U.S. at 325.  If the movant meets his burden, then the burden then shifts to the nonmovant, who, to avoid summary

judgment, must go beyond the pleadings and designate specific facts that show that there is a genuine issue for trial. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). Of course, unsubstantiated assertions do not constitute competent summary judgment evidence. *Abbott*, 2 F.3d at 619 (citing *Celotex Corp.*, 477 U.S. at 324).

Before granting a motion for summary judgment, the district court must be satisfied that no reasonable trier of fact could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 249; *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (stating that "the facts and inferences [must] point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict"). In determining whether a material issue of fact exists, the evidence and all inferences drawn therefrom must be considered in the light most favorable to the non-moving party. *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005)).

## 2. Analysis

As an initial matter, the Court acknowledges the "Motion to Strike the Affidavit of Karen Nugent" filed by Plaintiff**.** Such motion is hereby **DENIED**. To the extent Ms. Nugent's Declaration may have been construed as improper summary judgment evidence, the Court finds that such deficiency has been cured by Defendant's subsequent submission.

As to the substance of Plaintiff's motion, upon reviewing the submissions of the parties, the Court finds that there are issues of material fact which preclude summary judgment on the issue of LAMMICO's alleged improper failure to pay for services rendered. The copies of invoices submitted by LAMMICO that contain hand-written notes of LAMMICO personnel, indicating why entries on the invoices of Peak or its predecessor were not paid, at least raise an issue

3

as to whether LAMMICO's failure to pay for such items was justified.  Additionally, the Court finds

that, based on the affidavit Jacquie Bauer and the copies of invoices submitted by LAMMICO, of

an issue of material fact exists as to whether a set off or a credit was owed to LAMMICO by Peak

as a result of Jefferson Parish's tax exemption as to custom software and certain software

agreements.

### III.  CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for

Summary Judgment is **DENIED**.

New Orleans, Louisiana, this __14th__ day of September, 2006.

_____
**KURT D. ENGELHARDT**
**United States District Judge**